

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 5, 1972

Hon. Wayne Burns
District Attorney
Howard County Courthouse
Big Spring, Texas 79720

Opinion No. M-1038

Re: Is the State Comptroller
authorized under Art. 24.28,
V.C.C.P., to pay fees of a
witness summoned and who
appeared and testified pur-
suant to that Article, the
witness being a resident
of the State of Georgia which
has not adopted the Uniform
Act to Secure the Attendance
of Witnesses from Without
the State in Criminal Pro-
ceedings (Art. 24.28, V.C.
C.P.)?

Dear Mr. Burns:

Your request for an opinion asks the following question:

Is the State Comptroller authorized under Art. 24.28,
V.C.C.P., to pay fees of a witness summoned and
who appeared and testified pursuant to that Article,
the witness being a resident of the State of Georgia
which has not adopted the Uniform Act to Secure the
Attendance of Witnesses from Without the State in
Criminal Proceedings (Art. 24.28, V.C.C.P.)?

Article 24.28, Vernon's Code of Criminal Procedure, is a Uniform Act to
secure attendance of witnesses from without the State to testify in criminal pro-
secutions and grand jury investigations. Section 4 of the Article provides as
follows:

"Sec. 4. If a person in any State, which by its laws
has made provision for commanding persons within
its borders to attend and testify in criminal prosecu-
tions, or grand jury investigations commenced or
about to commence, in this State, is a material

> witness in a prosecution pending in a court of record
> in this State, or in a grand jury investigation which
> has commenced or is about to commence, a judge of
> said court may issue a certificate under the seal of
> the court stating these facts and specifying the number
> of days the witness will be required. Said certificate
> may include a recommendation that the witness be
> taken into immediate custody and delivered to an officer
> of this State to assure his attendance in this State. This
> certificate shall be presented to a judge of a court of
> record in the county in which the witness is found.

> "If the witness is summoned to attend and testify in
> this State he shall be tendered the sum of ten cents
> a mile for each mile by the ordinary traveled route
> to and from the court where the prosecution is pending
> and five dollars for each day that he is required to
> travel and attend as a witness. A witness who has
> appeared in accordance with the provisions of the
> summons shall not be required to remain within this
> State a longer period of time than the period mentioned
> in the certificate, unless otherwise ordered by the court.
> If such witness, after coming into this State, fails with-
> out good cause to attend and testify as directed in the
> summons, he shall be punished in the manner provided
> for the punishment of any witness who disobeys a summons
> issued from a court of record in this State."

In Attorney General's Opinion No. C-579 (1966) it was held:

> "Art. 35.27 does not authorize payment of witness
> fees to a witness residing outside the State of Texas
> with a Texas subpoena, unless said subpoena is issued
> in accordance with Art. 24.28, V.C.C.P."

In Attorney General's Opinion No. C-720 (1966) it was held that:

> "The procedure for payment of the out of state witness
> is the same as for any other out of county witness.
> Article 24.28, Sec. 4, V.C.C.P., merely changes the
> amount of compensation such witness is entitled to receive."

In the instant matter, these facts are noted: (1) The witness was subpoenaed in accordance with Article 24.28; (2) The witness did appear in obedience to the subpoena and did testify in a felony case; (3) The State of Georgia has not adopted the Uniform Act to secure attendance of out of state witnesses.

The first paragraph of Section 4 of Article 24.28 provides the procedure for subpenaing a witness to testify in a criminal prosecution, from any State which by its laws has made provisions for commanding persons within its borders to attend and testify in criminal prosecutions in this State.

On the other hand we find no law which prevents the State of Texas from subpoenaing a witness from other states merely because they have not adopted the Uniform Act.

The second paragraph of Section 4 of Article 24.28 provides for the amount to be tendered a witness so summoned, and provides penalties if the witness fails to appear and testify after coming into the State.

Irrespective of the fact that Georgia has not adopted the Uniform Act, all the procedures as set out in Article 24.28 were followed, and the witness obeyed the subpoena in all respects and appeared and testified.

Even though the State of Georgia from which State the witness was subpoenaed has not adopted the Uniform Act to secure the attendance of witnesses from without the State in a criminal proceeding, we hold that if the procedure is followed as set out in Article 24.28, by our State officials, and the witness appears and testified, then the witness is authorized to be paid witness fees and mileage. This is in accord with Attorney General's Opinions Nos. C-579 and C-720, supra.

## SUMMARY

If a witness is subpoenaed to appear and testify under the provisions of Article 24.28, V.C.C.P., in a criminal prosecution, and the witness obeys the summons, the witness is entitled to be paid mileage and witness fees.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bart Boling
Sam Jones
Max Flusche
Lonnie Zweiner